**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-6171

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AHMED MALACHI ABDEL-AZIZ, a/k/a Bobby Seal,
a/k/a Bobby Seals, a/k/a Ahmed Abdel Aziz,
a/k/a Jerome Smith, a/k/a Michael Smith, a/k/a
Cedric Ellison, a/k/a Fretral McRae, a/k/a
Chreshan Allen,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (CR-00-75)

Submitted:  May 27, 2003            Decided:  June 19, 2003

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ahmed Malachi Abdel-Aziz, Appellant Pro Se.  Dennis W. Duffy,
Assistant United States Attorney, Mary Jude Darrow, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ahmed Abdel-Aziz appeals the district court's denials of his motion for clarification and his Fed. R. Civ. P. 59(e) motion for reconsideration of the denial of his motion for clarification. We have reviewed the record and find no reversible error.

The basis of this appeal is that the district court's October 21, 2002, version of the docket sheet is internally inconsistent with regard to Abdel-Aziz's sentence on Counts Two and Three. Specifically, the February 5, 2001, docket entry reflecting the original judgment set forth, inter alia, Abdel-Aziz's imprisonment sentence as 100 months each on Counts Two and Three, while the February 4, 2002, docket entry purportedly reflecting the Amended Judgment[*] set forth Abdel-Aziz's sentence on Counts Two and Three as 60 months' imprisonment each. The district court denied the motion for clarification, ordering the clerk of courts to amend the February 4, 2002, docket sheet entry to reflect the imprisonment sentence as 100 months each on Counts Two and Three, which would have made the entries consistent with one another, and consistent with the prison sentence ordered in both the Judgment and the Amended Judgment. The obvious inference in this case is that the October 21, 2002, docket sheet annotation relative to the Amended Judgment, which incorrectly reflected that the district court

---

[*] While the written judgment and commitment order was amended at the order of this court, the amendment does not affect the analysis of this appeal.

2

ordered 60-month imprisonment sentences on Counts Two and Three when, in fact, it had ordered a 100-month imprisonment sentence on each of those two counts, was a clerical or typographical error. As noted in our opinion in <u>United States v. Abdel-Aziz</u>, Appeal No. 02-7599, pursuant to Fed. R. Crim. P. 36, the district court has jurisdiction at any time to correct clerical errors. Hence, Abdel-Aziz's claims are without merit, and we find that the district court properly found that no relief was necessary on the motion for clarification. Moreover, we find no abuse of discretion in the district court's denial of Abdel-Aziz's motion for reconsideration. <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 724 (4th Cir. 1991).

Accordingly, we affirm the district court's orders denying Abdel-Aziz's motions for clarification and for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3